I hereby certify that the
annexed instrument is a true
and correct copy of the original
on file in my office.
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _Sonya Stern_
          Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATT

07-CR-00109-CNST

CRIMINAL NO. 07-CR-00109

**07 CR 3241 JM**

FILED

DEC - 3 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

FILED
___ LODGED                    ___ ENTERED
                                      ___ RECEIVED

NOV 2 0 2007    LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                      DEPUTY

UNITED STATES OF AMERICA, )
                                      )
                    Plaintiff, )
                                      )
          v.                          )
                                      )
GEORGE LEE,                           )
                                      )
                    Defendant.        )
                                      )

Consent to Transfer of Case
for Plea and Sentence
(Under Rule 20)

I, GEORGE LEE, Defendant, have been informed that an indictment is pending against me in the above designated cause. I wish to plead guilty to the offense charged, to consent to the disposition of the case in the Southern District of California, in which I am present, and to waive trial in the above captioned District.

Date: _Nov_ at _San Diego_.

_[signature]_
GEORGE LEE
Defendant

_[signature]_
DOUGLAS BROWN
Counsel for Defendant

_[signature]_
Witness

Approved

_[signature]_
KAREN P. HEWITT
United States Attorney
Southern District of California

Date: _11/1/07_

_[signature]_
JEFFREY C. SULLIVAN
United States Attorney
Western District of Washington

Date: _11-19-07_

**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
OFFICE OF THE CLERK

BRUCE RIFKIN
CLERK

700 STEWART ST., LOBBY LEVEL
SEATTLE, WASHINGTON 98101

November 26, 2007

Clerk, U. S. District Court
Southern District of California
4290 Edward J. Schwartz
United States Courthouse
940 Front Street
San Diego, CA 92101

RE:    **U.S. v. George Lee**
       **YOUR CASE NUMBER:**
       **OUR CASE NUMBER: CR07-00109JCC**

Dear Clerk:

Pursuant to the Consent to Transfer of Case for Plea and Sentence filed in this case on 11/20/2007 as to Defendant George Lee, please download the documents maintained electronically by the US District Court through PACER for the Western District of Washington at https://ecf.wawd.uscourts.gov/.

Enclosed is a certified copy of Consent to Transfer Case /(No Financial History)

Please acknowledge receipt of the above documents by returning the enclosed copy of this letter in the envelope provided.

Sincerely,

BRUCE RIFKIN, CLERK

By: *Tonya Scott*

Tonya Scott, Deputy Clerk

Enclosures

cc:    AUSA, USPTS/USPO

# U.S. District Court
# United States District Court for the Western District of Washington (Seattle)
# CRIMINAL DOCKET FOR CASE #: 2:07-cr-00109-JCC-1

Case title: USA v. Lee et al

Date Filed: 03/21/2007
Date Terminated: 11/20/2007

Assigned to: John C Coughenour

## Defendant
**George Lee** (1)
*TERMINATED: 11/20/2007*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
| --- | --- |
| Conspiracy 18:371 (1) | Dismissed |
| Theft of Funds from Gaming Establishment on Indian Lands 18:1167(b) & 2 (2-5) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

## Plaintiff
**USA**

represented by **J Tate London**
US ATTORNEY'S OFFICE (SEA)
700 STEWART ST
STE 5220

SEATTLE, WA 98101-1271
206-553-7970
Fax: FAX 553-2502
Email: Tate.London@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/21/2007 | 1 | INDICTMENT as to George Lee (1) count(s) 1, 2-5, Tien Duc Vu (2) count(s) 1, 2-5, Levi Seth Mayfield (3) count(s) 1, 2-5, Kasey James McKillip (4) count(s) 1, 2-5, Jacob Dyson Nickels (5) count(s) 1, 2-5. (Attachments: # 1 Status Sheet) (JK, ) (Entered: 03/22/2007) |
| 03/21/2007 | 2 | **SEALED Signature Page** to 1 Indictment as to George Lee, Tien Duc Vu, Levi Seth Mayfield, Kasey James McKillip, Jacob Dyson Nickels. (JK, ) (Entered: 03/22/2007) |
| 03/21/2007 | 3 | ORDER ISSUING BENCH WARRANT as to George Lee by Judge James P. Donohue. (Attachments: # 1 Warrant) (JK, ) (Entered: 03/22/2007) |
| 05/24/2007 | | Case unsealed as to George Lee, Tien Duc Vu, Levi Seth Mayfield, Kasey James McKillip, Jacob Dyson Nickels Per request of AUSA T. London arrests had been made. (JK, ) (Entered: 05/24/2007) |
| 06/18/2007 | 39 | NOTICE of Unavailability of attorney Peter Mazzone from July 2nd, 2007 to July 6th, 2007 (Mazzone, Peter) (Entered: 06/18/2007) |
| 08/16/2007 | | Reset Motion Noting Date as to George Lee, Tien Duc Vu, Levi Seth Mayfield, Kasey James McKillip, Jacob Dyson Nickels re [55] MOTION to Dismiss Count(s) *[Count 2]* : Noting Date 8/31/2007. (As per praecipe docket no. [58]. (CL, ) (Entered: 08/17/2007) |
| 11/20/2007 | 75 | CONSENT TO TRANSFER JURISDICTION (Rule 20/Out) to Southern District of California Counts closed as to George Lee (1) Count 1,2-5. (cc: PTS, Fin, USMO, USPO) (TS, ) (Entered: 11/26/2007) |
| 11/26/2007 | 77 | Letter from Deputy Clerk to Clerk, US District Court Southern Disstrict of California regarding documents sent per 75 Consent to Transfer Case for Plea and Sentence as to defendant George Lee. (TS, ) (Entered: 11/27/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/05/2007 14:00:03 | | |
| **PACER Login:** | ud0077 | **Client Code:** |

| Description: | Docket Report | Search Criteria: | 2:07-cr-00109-JCC |
|---|---|---|---|
| Billable Pages: | 1 | Cost: | 0.08 |



Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in The U.S. DISTRICT COURT at Seattle, Washington.

MARCH 21 20.07
BRUCE RIFKIN,    Clerk
By_____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                    Plaintiff,

            v.

GEORGE LEE,
TIEN DUC VU,
LEVI SETH MAYFIELD,
KASEY JAMES McKILLIP,
and
JACOB DYSON NICKELS,

                    Defendants.



CR07 0109 TCC

INDICTMENT

07-CR-00109-INDI

The Grand Jury charges that:

## COUNT 1
### (Conspiracy)

1.      Beginning in or about August 2005, and continuing up to and including approximately October 28, 2005, in the Western District of Washington and elsewhere, GEORGE LEE, TIEN DUC VU, LEVI SETH MAYFIELD, KASEY JAMES McKILLIP, and JACOB DYSON NICKELS did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to the Grand Jury, to steal moneys from a gaming establishment operated by and for an Indian Tribe pursuant to an ordinance or resolution approved by the National Indian Gaming Commission, in violation of Title 18, United States Code, Section 1167(b).

INDICTMENT/
LEE, et al. - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

I.    **Background**

At all times relevant to this Indictment:

2.    The Nooksack River Casino (the "NRC" or the "Casino") was a gaming establishment operated by and for the Nooksack Indian Tribe, a federally-recognized Indian Tribe, pursuant to an ordinance or resolution approved by the National Indian Gaming Commission.  The NRC's principal place of business in 2005 was located on Nooksack tribal lands off of the Mount Baker Highway in Deming, Washington.

3.    In 1988, Congress passed the Indian Gaming Regulatory Act (the "Act"), which established a regulatory framework for tribal gaming operations including those conducted by the Nooksack Indian Tribe at the NRC.  One of Congress' stated public policy purposes in passing the Act was to provide a statutory basis for the operation of gaming by Indian tribes as a means of promoting tribal economic development, self-sufficiency, and strong tribal governments.  The Act restricts the use of net revenues from tribal gaming to the following:

a.    funding tribal government operations or programs;

b.    providing for the general welfare of the Indian tribe and its members;

c.    promoting tribal economic development;

d.    funding charitable organizations through donations; and

e.    funding operations of local government agencies.

4.    The NRC conducts what is known under the Act as Class III gaming, which is generally known as casino-style gaming.  Gaming at the NRC includes tribal lottery system machines ("TLS"), which have the same appearance as slot machines, as well as various table games, including card games such as blackjack and mini-baccarat.

5.    At the NRC, mini-baccarat is played with eight full decks of cards, which are shuffled by a dealer and placed in a dealing shoe.  Cards are dealt from the shoe by a single dealer, and up to nine players can be seated at the table.  Play begins when two hands are dealt from the shoe– one called the "player's hand" and the other called the

INDICTMENT/
LEE, et al. - 2

1   "banker's hand." Only two hands are dealt regardless of the number of players at the

2   table. Each hand initially consists of two cards. The rules of the game determine

3   whether a third card is dealt to either hand. Neither the players nor the dealer has any

4   discretion in determining whether to hold or to deal a third card to a hand.

5        6.    The first four cards are dealt from the shoe as follows: The first and third

6   cards are dealt to the player's hand, while the second and fourth cards are dealt to the

7   banker's hand. Mini-baccarat game rules dictate whether a fifth or sixth card is

8   necessary, and the cards are dealt to the player's hand and/or banker's hand,

9   respectively. All cards count as face value except tens and face cards, which have a

10   value of 0. For example, an ace equals 1 and a five card equals 5. If the total or "point

11   count" of the cards in a hand is a two-digit number, the left digit is disregarded and the

12   right digit constitutes the point count (for example, the point count for a hand consisting

13   of the following two cards, an 8 and a 6, would be 4 after dropping the left digit from the

14   sum total of 14).

15        7.    Players bet prior to a hand being dealt and have three betting options:

16   Betting on the player's hand, betting on the banker's hand, or betting that the point count

17   of the two hands will result in a tie. All winning bets on the player's hand or banker's

18   hand are paid at odds of 1 to 1, while the odds on a tie bet are paid at odds of 8 to 1. The

19   winning hand is the one under the rules of the game that comes closer to the total point

20   count of 9. The Casino provides mini-baccarat scorecards for players to use. A typical

21   and legitimate player use of a scorecard is to record "runs," i.e., a series of player's or

22   banker's winning hands, for the player's use in making a betting decision.

23        8.    All of the cards dealt in a hand of mini-baccarat are placed into the discard

24   rack in a specific order. The dealer slides the cards from dealer's right hand to his left,

25   face up with the first card on the right on the bottom and the last card on the left on the

26   top. The dealer then turns the cards face down and places them into the discard rack.

27   The same procedure is followed for each hand until all the cards are dealt from the shoe.

28   Consequently, knowing the order of the cards going into the discard rack allows a player

INDICTMENT/
LEE, et al. - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  who is tracking cards to know the order that the tracked cards will come out of the shoe

2  if those cards are not shuffled.

3      9.    Defendant GEORGE LEE solicited Casino employees LEVI SETH

4  MAYFIELD, KASEY JAMES McKILLIP and JACOB DYSON NICKELS to

5  participate in or otherwise facilitate a cheating scheme involving the game of mini-

6  baccarat. In or about October 2005, GEORGE LEE was a patron of the Casino and

7  played the game of mini-baccarat, winning approximately $40,000. On or about

8  October 28, 2005, the NRC regulators barred him from the Casino.

9      10.    Defendant TIEN DUC VU was a patron at the NRC in or about October

10  2005. During this period, TIEN DUC VU played the game of mini-baccarat, winning at

11  least approximately $24,000. On or about October 28, 2005, the NRC regulators barred

12  him from the Casino.

13      11.    Defendant LEVI SETH MAYFIELD was an NRC employee in or about

14  October 2005. LEVI SETH MAYFIELD worked as a table games dealer, and his duties

15  included dealing card games such as mini-baccarat. LEVI SETH MAYFIELD assisted

16  GEORGE LEE, TIEN DUC VU, KASEY JAMES McKILLIP and JACOB DYSON

17  NICKELS in a cheating scheme involving the game of mini-baccarat at the Casino.

18      12.    Defendant KASEY JAMES McKILLIP was an NRC employee in or about

19  October 2005. KASEY JAMES McKILLIP worked as a table games dealer, and his

20  duties included dealing card games such as mini-baccarat. KASEY JAMES McKILLIP

21  assisted GEORGE LEE, TIEN DUC VU, LEVI SETH MAYFIELD and JACOB

22  DYSON NICKELS in a cheating scheme involving the game of mini-baccarat at the

23  Casino.

24      13.    Defendant JACOB DYSON NICKELS was an NRC employee in or about

25  October 2005. JACOB DYSON NICKELS worked as a pit boss in the table games area.

26  JACOB DYSON NICKELS assisted GEORGE LEE, TIEN DUC VU, LEVI SETH

27  MAYFIELD and KASEY JAMES McKILLIP in a cheating scheme involving the game

28  of mini-baccarat at the Casino.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**II.    The Purpose of the Conspiracy**

14.    The purpose of the conspiracy was to cheat the NRC at the game of mini-baccarat, and thereby take and carry away money from the Casino with the intent to steal the money.  During the course of the conspiracy, defendants GEORGE LEE, TIEN DUC VU,  LEVI SETH MAYFIELD, KASEY JAMES McKILLIP and JACOB DYSON NICKELS, and their co-conspirators, stole in excess of $90,000 from the NRC.

**III.    Manner and Means of the Conspiracy**

Defendants GEORGE LEE, TIEN DUC VU, LEVI SETH MAYFIELD, KASEY JAMES McKILLIP and JACOB DYSON NICKELS, and their co-conspirators, used the following means, among others, to effect the purpose of the conspiracy:

15.    GEORGE LEE and TIEN DUC VU developed and/or participated in a "false shuffle" cheating scheme, which they employed to cheat the NRC at the game of mini-baccarat.  The false shuffle was carried out as follows:  GEORGE LEE and TIEN DUC VU would travel from outside the Western District of Washington to Deming, Washington, where they would recruit and pay mini-baccarat dealers, LEVI SETH MAYFIELD and KASEY JAMES McKILLIP, and pit boss, JACOB DYSON NICKELS, to participate in or otherwise facilitate the cheating scheme, which would thereby enable them to steal money from the Casino.  GEORGE LEE would show the recruited dealers how to manipulate the shuffling of cards used in the game of mini-baccarat so that it would appear that the dealer is fully and completely shuffling the cards, when, in fact, the dealer would intentionally avoid shuffling a series of cards, the order of which would be previously recorded by a co-conspirator player.  The false shuffle cheating scheme is described more fully in the following paragraphs.

16.     It was further part of the conspiracy that, on multiple occasions beginning in or about October 2005, GEORGE LEE would go to the NRC and play mini-baccarat or observe mini-baccarat being played.  GEORGE LEE would record the point count and order of a series of the cards dealt from the shoe and placed on the gaming table.

INDICTMENT/
LEE, et al. - 5

1  GEORGE LEE would record the point count and order of the cards on a scorecard

2  provided by the Casino.

3        17.   It was further part of the conspiracy that, after all the cards in a shoe were

4  dealt, LEVI SETH MAYFIELD or KASEY JAMES McKILLIP (individually, the

5  "conspirator dealer") would perform a false shuffle of the previously-recorded cards.  A

6  false shuffle involves a conspirator dealer intentionally avoiding interlacing or shuffling

7  the cards that comprise the "plug."

8        18.   It was further part of the conspiracy that once the conspirator dealer, i.e.,

9  LEVI SETH MAYFIELD or KASEY JAMES McKILLIP completed a false shuffle, a

10  conspirator player would look for "indicator cards" at the start of the plug.  Once the

11  conspirator player recognized the plug, he could determine the subsequent order of

12  cards to be dealt and played from the shoe.  The conspirator player then would use mini-

13  baccarat rules to calculate the winner of subsequent hands played using recorded cards.

14  The conspirator player would somehow signal appropriate play to other conspirator

15  players at the table.  Typically, a conspirator player or players would win multiple hands

16  during the course of play involving the plug in any one shoe.

17        19.   It was further part of the conspiracy that after LEVI SETH MAYFIELD or

18  KASEY JAMES McKILLIP performed a false shuffle, GEORGE LEE and TIEN DUC

19  VU would play mini-baccarat at the NRC when the falsely shuffled cards came back

20  into play, thereby ensuring that they would be able to steal money from the NRC by

21  cheating.

22        20.   It was further part of the conspiracy that, following a session of illegal

23  play, the conspirator players, GEORGE LEE and TIEN DUC VU, would take their chips

24  from the table.  They would subsequently go to a cage at the NRC where they would

25  exchange chips for currency, and they would use the stolen funds for their personal

26  benefit.

27

28

INDICTMENT/
LEE, et al. - 6

## IV.    Overt Acts in Furtherance of the Conspiracy

In furtherance of the conspiracy, and to achieve the objects thereby, defendants GEORGE LEE, TIEN DUC VU, LEVI SETH MAYFIELD, KASEY JAMES McKILLIP and JACOB DYSON NICKELS and their co-conspirators, committed and caused to be committed, in the Western District of Washington, at least one of the following overt acts, among others:

21.    In or about August 2005, GEORGE LEE approached JACOB DYSON NICKELS, solicited his assistance in facilitating a cheating scheme involving the game of mini-baccarat at the Casino and asked JACOB DYSON NICKELS to introduce him to dealers at the Casino who would be interested in participating in the cheating scheme. JACOB DYSON NICKELS referred GEORGE LEE to LEVI SETH MAYFIELD.

22.    In or about August 2005, GEORGE LEE met with LEVI SETH MAYFIELD in a motel room in Bellingham, Washington, where he showed LEVI SETH MAYFIELD how to perform a false shuffle of cards and told him that he would be paid for performing a false shuffle at the Casino.

23.    In or about September 2005, JACOB DYSON NICKELS approached KASEY JAMES McKILLIP and asked him if he was interested in making money participating in a cheating scheme involving the game of mini-baccarat.  JACOB DYSON NICKELS arranged for KASEY JAMES McKILLIP to meet GEORGE LEE.

24.    In or about September 2005, LEVI SETH MAYFIELD showed KASEY JAMES McKILLIP how to perform a false shuffle of cards, and told him that GEORGE LEE would pay him for performing a false shuffle at the Casino.

25.    In or about August and or September 2005, GEORGE LEE made three separate cash payments of $1,000, $2,000 and $2,000 each to JACOB DYSON NICKELS for his role in introducing him to the conspirator dealers.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**Theft of Funds on October 7, 2005**

26.    Beginning on or about October 1, 2005 through October 7, 2005, numerous calls were made from a cell phone registered to JACOB DYSON NICKELS ("JACOB NICKELS' cell phone") to a cell phone registered to GEORGE LEE ("GEORGE LEE's cell phone").

27.    On or about October 7, 2005, LEVI SETH MAYFIELD worked as a table games dealer and JACOB DYSON NICKELS worked as a pit boss at the NRC.

28.    On or about October 7, 2005, GEORGE LEE and TIEN DUC VU played mini-baccarat at the NRC.

29.    On or about October 7, 2005, at approximately 7:27 p.m., LEVI SETH MAYFIELD performed a false shuffle of cards on mini-baccarat table number 4, during which he failed to shuffle a plug of approximately 39 cards.

30.    On or about October 7, 2005, beginning at approximately 8:05 p.m. and ending at approximately 8:33 p.m., the plug of approximately 39 cards came back into play at mini-baccarat table number 4. During this period, GEORGE LEE and TIEN DUC VU played mini-baccarat without losing a hand, winning approximately $7,900 and $8,000, respectively.

31.    On or about October 7, 2005, at approximately 8:50 p.m., TIEN DUC VU cashed out gaming chips valued at more than $10,000 in exchange for more than $10,000 in currency at the NRC cage.

32.    On or about October 7, 2005, at approximately 8:58 p.m., GEORGE LEE cashed out gaming chips valued at approximately $19,000 in exchange for approximately $19,000 in currency at the NRC cage.

33.    On or about October 7, 2005, three text messages were sent from a cell phone registered to LEVI SETH MAYFIELD ("LEVI MAYFIELD's cell phone") to GEORGE LEE's cell phone.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## Theft of Funds on October 21, 2005

34.    On or about October 21, 2005, a call was made from LEVI MAYFIELD's cell phone to GEORGE LEE's cell phone.

35.    On or about October 21, 2005, KASEY JAMES McKILLIP worked as a mini-baccarat dealer and JACOB DYSON NICKELS worked as a pit boss at the NRC.

36.    On or about October 21, 2005, GEORGE LEE, and TIEN DUC VU played mini-baccarat at the NRC.

37.    On or about October 21, 2005, at approximately 5:57 p.m., KASEY JAMES McKILLIP performed a false shuffle of cards on mini-baccarat table number 4, during which he failed to shuffle a plug of approximately 60 cards.

38.    On or about October 21, 2005, beginning at approximately 7:15 p.m. and ending at approximately 7:44 p.m., the plug of approximately 60 cards came back into play at mini-baccarat table number 4. During this period, GEORGE LEE and TIEN DUC VU played mini-baccarat without losing a hand, winning approximately $12,600 and $9,400, respectively.

39.    On or about October 21, 2005, at approximately 8:05 p.m., TIEN DUC VU cashed out gaming chips valued at approximately $8,000 at an NRC cage in exchange for approximately $8,000 in currency.

40.    On or about October 21, 2005, at approximately 8:11 p.m., GEORGE LEE cashed out gaming chips valued at approximately $18,000 at an NRC cage in exchange for a approximately $18,000 in currency.

41.    On or about October 21, 2005, at approximately 9:07 p.m., KASEY JAMES McKILLIP performed a false shuffle of cards on mini-baccarat table number 4, during which he failed to shuffle a plug of approximately 53 cards.

42.    On or about October 21, 2005, beginning at approximately 10:05 p.m. and ending at approximately 10:18 p.m., the plug of approximately 53 cards came back into play at mini-baccarat table number 4. During this period, GEORGE LEE and TIEN DUC VU played mini-baccarat, winning approximately $8,000 and $7,000, respectively.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

43.    On or about October 21, 2005, at approximately 10:27 p.m., TIEN DUC VU cashed out gaming chips valued at approximately $8,000 at an NRC cage in exchange for a approximately $8,000 in currency.

44.    On or about October 21, 2005, at approximately 11:00 p.m., GEORGE LEE cashed out gaming chips valued at approximately $8,000 at an NRC cage in exchange for a approximately $8,000 in currency.

45.    On or about October 21, 2005, beginning at approximately 11:41 p.m. and ending at approximately 11:50 p.m., three calls were made from GEORGE LEE's cell phone to a cell phone registered to KASEY JAMES McKILLIP ("KASEY McKILLIP's cell phone").

### Theft of Funds on October 22, 2005

46.    On or about October 22, 2005, at approximately 12:45 a.m., a call was made from LEVI MAYFIELD's cell phone to GEORGE LEE's cell phone.

47.    On or about October 22, 2005, at approximately 1:50 a.m., two calls were made from LEVI SETH MAYFIELD's cell phone to KASEY McKILLIP's cell phone.

48.    On or about October 22, 2005, at approximately 1:53 a.m., a call was made from LEVI MAYFIELD's cell phone to GEORGE LEE's cell phone.

49.    On or about October 22, 2005, LEVI SETH MAYFIELD worked as a mini-baccarat dealer and JACOB DYSON NICKELS worked as a pit boss at the NRC.

50.    On or about October 22, 2005, GEORGE LEE, and TIEN DUC VU played mini-baccarat at the NRC.

51.    On or about October 22, 2005, at approximately 8:10 p.m., LEVI SETH MAYFIELD performed a false shuffle of cards on mini-baccarat table number 4, during which he failed to shuffle a plug of approximately 49 cards.

52.    On or about October 22, 2005, beginning at approximately 8:38 p.m. and ending at approximately 8:47 p.m., the plug of approximately 49 cards came back into play at mini-baccarat table number 4. During this period, GEORGE LEE played mini-baccarat at table number 4, winning approximately $1,600.

INDICTMENT/
LEE, et al. - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

53.     On or about October 22, 2005, at approximately 8:56 p.m., GEORGE LEE cashed out gaming chips valued at approximately $7,000 at an NRC cage in exchange for a approximately $7,000 in currency.

54.     On or about October 22, 2005, at approximately 9:05 p.m., LEVI SETH MAYFIELD performed a false shuffle of cards on mini-baccarat table number 4, during which he failed to shuffle a plug of approximately 53 cards.

55.     On or about October 22, 2005, beginning at approximately 9:33 p.m. and ending at approximately 9:42 p.m., the plug of approximately 49 cards came back into play at mini-baccarat table number 4. During this period, GEORGE LEE played mini-baccarat at table number 4, winning approximately $7,700.

56.     On or about October 22, 2005, at approximately 9:17 p.m. and 9:54 p.m., TIEN DUC VU cashed out gaming chips valued at approximately $2,000 and $8,800, respectively at an NRC cage in exchange for a approximately $2,000 and $8,800 in currency.

57.     On or about October 22, 2005, at approximately 9:55 p.m., GEORGE LEE cashed out gaming chips valued at approximately $8,500 at an NRC cage in exchange for a approximately $8,500 in currency.

58.     On or about October 23, 2005, at approximately 12:04 a.m., a call was made from LEVI MAYFIELD's cell phone to GEORGE LEE's cell phone.

59.     On or about October 23, 2005, at approximately 12:08 a.m., two calls were made from LEVI SETH MAYFIELD's cell phone to KASEY McKILLIP's cell phone.

60.     On or about October 23, 2005, at approximately 12:26 a.m., a call was made from LEVI MAYFIELD's cell phone to GEORGE LEE's cell phone.

61.     On or about October 23, 2005, at approximately 1:14 a.m., a call was made from LEVI MAYFIELD's cell phone to KASEY McKILLIP's cell phone.

62.     On or about October 23, 2005, at approximately 6:02 a.m., a text message was sent from LEVI MAYFIELD's cell phone to GEORGE LEE's cell phone.

INDICTMENT/
LEE, et al. - 11

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

63.    On or about October 23, 2005, at approximately 6:03 p.m., a call was made from GEORGE LEE's cell phone to JACOB NICKELS' cell phone.

64.    On or about October 23, 2005, at approximately 6:14 p.m., a call was made from JACOB NICKELS' cell phone to GEORGE LEE's cell phone.

### Theft of Funds on October 28, 2005

65.    On or about October 27, 2005, GEORGE LEE, and TIEN DUC VU traveled from outside the state of Washington to Deming, Washington.

66.    On or about October 27, 2005, a call was made from LEVI MAYFIELD's cell phone to GEORGE LEE's cell phone.

67.    On or about October 28, 2005, LEVI SETH MAYFIELD worked as table game dealer at the NRC and dealt the game of mini-baccarat.

68.    On or about October 28, 2005, GEORGE LEE played mini-baccarat at the NRC.

69.    On or about October 28, 2005, at approximately 4:30 p.m., LEVI SETH MAYFIELD performed a false shuffle of cards on mini-baccarat table number 4, during which he failed to shuffle a plug of approximately 62 cards.

70.    On or about October 28, 2005, GEORGE LEE played mini-baccarat at the NRC, winning more than $1,000.

71.    On or about October 28, 2005, shortly after NRC personnel barred GEORGE LEE from the Casino, GEORGE LEE cashed out, at an NRC cage, gaming chips valued at less than $10,000 in exchange for less than $10,000 in currency.

72.    On or about October 28, 2005, at approximately 5:00 p.m., GEORGE LEE and TIEN DUC VU left the Casino together.

73.    On or about October 28, 2005, at approximately 5:07 p.m., a call was made from GEORGE LEE's cell phone to JACOB NICKELS' cell phone.

74.    On or about October 28, 2005, at approximately 5:20 p.m., a call was made from JACOB NICKELS' cell phone to GEORGE LEE's cell phone.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    75.    On or about October 28, 2005, at approximately 5:24 p.m., a call was

2    made from GEORGE LEE's cell phone to JACOB NICKELS' cell phone.

3    76.    On or about October 28, 2005, at approximately 5:40 p.m., a text message

4    was sent from JACOB NICKELS' cell phone to KASEY McKILLIP's cell phone.

5    77.    On or about October 28, 2005, at approximately 5:40 p.m., a text message

6    was sent from JACOB NICKELS' cell phone to LEVI MAYFIELD's cell phone.

7    78.    On or about October 28, 2005, at approximately 6:03 p.m., a call was

8    made from LEVI MAYFIELD's cell phone to JACOB NICKELS' cell phone.

9    79.    On or about October 28, 2005, at approximately 10:54 p.m., a call was

10    made from KASEY McKILLIP's cell phone to GEORGE LEE's cell phone.

11    80.    On or about October 29, 2005, at approximately 12:47 a.m. and 1:01 a.m.,

12    two calls were made from LEVI MAYFIELD's cell phone to GEORGE LEE's cell

13    phone.

14    81.    On or about October 29, 2005, at approximately 1:22 a.m., a call was made

15    from LEVI MAYFIELD's cell phone to KASEY McKILLIP's cell phone.

16    82.    Defendants GEORGE LEE, TIEN DUC VU, LEVI SETH MAYFIELD,

17    KASEY JAMES McKILLIP, and JACOB DYSON NICKELS did, and caused to be

18    done, the acts set forth in Counts 2 through 5 of this Indictment, which are incorporated

19    by reference and alleged as separate overt acts as if set forth in full herein.

20    All in violation of Title 18, United States Code, Section 371.

21

22
## COUNT 2
### (Theft of Funds from Gaming Establishment on Indian Lands)

23

24    83.    Paragraphs 1 through 82 of this Indictment are hereby incorporated by

25    reference.

26    84.    On or about October 7, 2005, at Deming, within the Western District of

27    Washington, GEORGE LEE, TIEN DUC VU, LEVI SETH MAYFIELD, KASEY

28    JAMES McKILLIP, and JACOB DYSON NICKELS did knowingly abstract, purloin,

INDICTMENT/
LEE, et al. - 13

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  and take and carry away with intent to steal, moneys, funds, assets and other property of

2  a value in excess of one thousand dollars ($1,000) belonging to the Nooksack River

3  Casino, a gaming establishment operated by and for the Nooksack Indian Tribe pursuant

4  to an ordinance or resolution approved by the National Indian Gaming Commission.

5       All in violation of Title 18, United States Code, Sections 1167(b) and 2.

6

7                      **COUNT 3**

          **(Theft of Funds from Gaming Establishment on Indian Lands)**

8

9       85.    Paragraphs 1 through 84 of this Indictment are hereby incorporated by

10 reference.

11      86.    On or about October 21, 2005, at Deming, within the Western District of

12 Washington, GEORGE LEE, TIEN DUC VU, LEVI SETH MAYFIELD, KASEY

13 JAMES McKILLIP, and JACOB DYSON NICKELS did knowingly abstract, purloin,

14 and take and carry away with intent to steal, moneys, funds, assets and other property of

15 a value in excess of one thousand dollars ($1,000) belonging to the Nooksack River

16 Casino, a gaming establishment operated by and for the Nooksack Indian Tribe pursuant

17 to an ordinance or resolution approved by the National Indian Gaming Commission.

18      All in violation of Title 18, United States Code, Sections 1167(b) and 2.

19

20                     **COUNT 4**

          **(Theft of Funds from Gaming Establishment on Indian Lands)**

21      87.    Paragraphs 1 through 86 of this Indictment are hereby incorporated by

22 reference.

23      88.    On or about October 22, 2005, at Deming, within the Western District of

24 Washington, GEORGE LEE, TIEN DUC VU, LEVI SETH MAYFIELD, KASEY

25 JAMES McKILLIP, and JACOB DYSON NICKELS did knowingly abstract, purloin,

26 and take and carry away with intent to steal, moneys, funds, assets and other property of

27 a value in excess of one thousand dollars ($1,000) belonging to the Nooksack River

28

INDICTMENT/
LEE, et al. - 14

Casino, a gaming establishment operated by and for the Nooksack Indian Tribe pursuant to an ordinance or resolution approved by the National Indian Gaming Commission.

All in violation of Title 18, United States Code, Sections 1167(b) and 2.

## COUNT 5
### (Theft of Funds from Gaming Establishment on Indian Lands)

91.    Paragraphs 1 through 88 of this Indictment are hereby incorporated by reference.

92.    On or about October 28, 2005, at Deming, within the Western District of Washington, GEORGE LEE, TIEN DUC VU, LEVI SETH MAYFIELD, KASEY JAMES McKILLIP, and JACOB DYSON NICKELS did knowingly abstract, purloin, and take and carry away with intent to steal, moneys, funds, assets and other property of a value in excess of one thousand dollars ($1,000) belonging to the Nooksack River Casino, a gaming establishment operated by and for the Nooksack Indian Tribe pursuant to an ordinance or resolution approved by the National Indian Gaming Commission.

All in violation of Title 18, United States Code, Sections 1167(b) and 2.

A TRUE BILL:

DATED:  3-21-07

*Signature of Foreperson redacted pursuant to the policy of the Judicial Conference*

_____
FOREPERSON

_____
JEFFREY C. SULLIVAN
United States Attorney

_____
CARL BLACKSTONE
Assistant United States Attorney

_____
J. TATE LONDON
Assistant United States Attorney

INDICTMENT/
LEE, et al. - 15

15

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**DEFENDANT STATUS SHEET** (One for each defendant)

I. CASE STATUS

NAME OF DEFENDANT __George Michael Lee__            USAO# __2006R00190__

_/ MAGISTRATE'S NO. _____        _/ DOCKET NO. (If Superseding Indictment) CR _____

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

II. CUSTODIAL STATUS

HAS DEFENDANT HAD INITIAL APPEARANCE IN THIS CASE?  _/ yes  X_/ no

IF YES:

       _/ DEFENDANT HAS BEEN RELEASED ON THE FOLLOWING CONDITIONS: _____

•••    _/ A DETENTION HEARING HAS BEEN SCHEDULED FOR: _____

      _/ A DETENTION ORDER HAS BEEN ENTERED.

     •••  _/ TEMPORARY DETENTION

     •••  _/ PERMANENT DETENTION

         _/  IF THE DEFENDANT HAS HAD INITIAL APPEARANCE IN ANOTHER DISTRICT, THE ABOVE RELEASE ON CONDITIONS OR DETENTION ORDER WAS ENTERED IN THE _____ DISTRICT OF _____ AND THE DEFENDANT'S FIRST APPEARANCE IN THIS DISTRICT IS EXPECTED TO BE/HAS BEEN SET FOR _____.
                (Date)

_/ DEFENDANT IS IN CUSTODY ON OTHER CHARGES:

     _/ SERVING A FEDERAL SENTENCE AT _____

     _/ PENDING FEDERAL CHARGES IN THE _____ DISTRICT OF _____

     _/ PENDING STATE CHARGES AT _____

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

III. ARRAIGNMENT

X_/ WARRANT TO ISSUE.  (IF SO, PLEASE COMPLETE REVERSE)

_/ SUMMONS TO BE ISSUED FOR APPEARANCE ON _____
                   (Date)

DEFENDANT'S ADDRESS: _____

_/ LETTER TO DEFENSE COUNSEL FOR APPEARANCE ON _____

**07-CR-00109-STMT**

DEFENSE ATTORNEY'S NAME: _____

DEFENSE ATTORNEY'S ADDRESS: _____

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

IV. CONDITIONS OF RELEASE

   X_/ NOT PREVIOUSLY SET, SHOULD BE:    **DETENTION**
                           [e.g., P.R.; BAIL (listing conditions); DETENTION]

   _/ PREVIOUSLY SET, SHOULD BE:

      _/ CONTINUE CONDITIONS OF RELEASE

      _/ CONTINUE DETENTION

      _/ MODIFIED AS FOLLOWS (state reasons for modifying): _____

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

HAS THE FPD represented any subject or witness in this case?    _/ Yes   _/ No

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

THE ESTIMATED TRIAL TIME IS _____ TRIAL DAYS.    _____
                                        (Date Form filled out)

(Revised June 2000)

**_DEFENDANT STATUS SHEET_** (One for each defendant)

### I. CASE STATUS

NAME OF DEFENDANT  __LEVI SETH MAYFIELD__                    USAO# __2006R00190__

_/ MAGISTRATE'S NO. _____          _/ DOCKET NO. (If Superseding Indictment) CR _____

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

### II. CUSTODIAL STATUS

HAS DEFENDANT HAD INITIAL APPEARANCE IN THIS CASE?  _/ yes  X/ no
IF YES:

    _/ DEFENDANT HAS BEEN RELEASED ON THE FOLLOWING CONDITIONS: _____

  ***  _/ A DETENTION HEARING HAS BEEN SCHEDULED FOR: _____.

    _/ A DETENTION ORDER HAS BEEN ENTERED.

      ***  _/ TEMPORARY DETENTION

      ***  _/ PERMANENT DETENTION

        _/    IF THE DEFENDANT HAS HAD INITIAL APPEARANCE IN ANOTHER DISTRICT, THE ABOVE RELEASE ON CONDITIONS OR DETENTION ORDER WAS ENTERED IN THE _____ DISTRICT OF _____ AND THE DEFENDANT'S FIRST APPEARANCE IN THIS DISTRICT IS EXPECTED TO BE/HAS BEEN SET FOR _____.
          (Date)

_/ DEFENDANT IS IN CUSTODY ON OTHER CHARGES:

    _/ SERVING A FEDERAL SENTENCE AT _____

    _/ PENDING FEDERAL CHARGES IN THE _____ DISTRICT OF _____

    _/ PENDING STATE CHARGES AT _____

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

### III. ARRAIGNMENT

X/ WARRANT TO ISSUE.   (IF SO, PLEASE COMPLETE REVERSE)

_/ SUMMONS TO BE ISSUED FOR APPEARANCE ON _____ CALENDAR. (DEFENDANT'S ADDRESS REQUIRED.)
                       (Date)

    DEFENDANT'S ADDRESS: _____

_/ LETTER TO DEFENSE COUNSEL FOR APPEARANCE ON _____ CALENDAR.
                            (Date)

    DEFENSE ATTORNEY'S NAME: _____

    DEFENSE ATTORNEY'S ADDRESS: _____

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

### IV. CONDITIONS OF RELEASE

  X/ NOT PREVIOUSLY SET, SHOULD BE: __DETENTION__ _____
                        [e.g., P.R.; BAIL (listing conditions); DETENTION]

  _/ PREVIOUSLY SET, SHOULD BE:

    _/ CONTINUE CONDITIONS OF RELEASE

    _/ CONTINUE DETENTION

    _/ MODIFIED AS FOLLOWS (state reasons for modifying): _____

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

HAS THE FPD represented any subject or witness in this case?   _/ Yes  _/ No

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

THE ESTIMATED TRIAL TIME IS _____ TRIAL DAYS.      _____
                                      (Date Form filled out)

(Revised June 2000)

**DEFENDANT STATUS SHEET** (One for each defendant)

## I. CASE STATUS

NAME OF DEFENDANT ___KASEY JAMES McKILLIP___    USAO# ___2006R00190___

_/ MAGISTRATE'S NO. _____    _/ DOCKET NO. (If Superseding Indictment) CR _____

**************************************************************************

### II. CUSTODIAL STATUS

HAS DEFENDANT HAD INITIAL APPEARANCE IN THIS CASE? _/ yes  X/ no
IF YES:

    _/ DEFENDANT HAS BEEN RELEASED ON THE FOLLOWING CONDITIONS: _____

   ***  _/ A DETENTION HEARING HAS BEEN SCHEDULED FOR: _____

    _/ A DETENTION ORDER HAS BEEN ENTERED.
     ***  _/ TEMPORARY DETENTION
   ***  _/ PERMANENT DETENTION

      _/  IF THE DEFENDANT HAS HAD INITIAL APPEARANCE IN ANOTHER DISTRICT, THE ABOVE RELEASE ON
          CONDITIONS OR DETENTION ORDER WAS ENTERED IN THE _____ DISTRICT OF _____ AND THE
          DEFENDANT'S FIRST APPEARANCE IN THIS DISTRICT IS EXPECTED TO BE/HAS BEEN SET FOR _____.
          (Date)

_/ DEFENDANT IS IN CUSTODY ON OTHER CHARGES:
    _/ SERVING A FEDERAL SENTENCE AT _____
    _/ PENDING FEDERAL CHARGES IN THE _____ DISTRICT OF _____
    _/ PENDING STATE CHARGES AT _____
**************************************************************************

### III. ARRAIGNMENT

X/ WARRANT TO ISSUE.   (IF SO, PLEASE COMPLETE REVERSE)

_/ SUMMONS TO BE ISSUED FOR APPEARANCE ON _____ CALENDAR. (DEFENDANT'S ADDRESS REQUIRED.)
                        (Date)
    DEFENDANT'S ADDRESS: _____
_/ LETTER TO DEFENSE COUNSEL FOR APPEARANCE ON _____ CALENDAR.
                                (Date)
    DEFENSE ATTORNEY'S NAME: _____
    DEFENSE ATTORNEY'S ADDRESS: _____

**************************************************************************

### IV. CONDITIONS OF RELEASE

    X/ NOT PREVIOUSLY SET, SHOULD BE: __DETENTION__
                      [e.g., P.R.; BAIL (listing conditions); DETENTION]

    _/ PREVIOUSLY SET, SHOULD BE:
        _/ CONTINUE CONDITIONS OF RELEASE
        _/ CONTINUE DETENTION
        _/ MODIFIED AS FOLLOWS (state reasons for modifying): _____

**************************************************************************
HAS THE FPD represented any subject or witness in this case?   _/ Yes  _/ No
**************************************************************************
THE ESTIMATED TRIAL TIME IS _____ TRIAL DAYS.   _____
                                   (Date Form filled out)

                                      (Revised June 2000)

**DEFENDANT STATUS SHEET** (One for <u>each</u> defendant)

## I. CASE STATUS

NAME OF DEFENDANT   JACOB DYSON NICKELS                    USAO# 2006R00190

_/ MAGISTRATE'S NO. _____        _/ DOCKET NO. (If Superseding Indictment) CR _____

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

## II. CUSTODIAL STATUS

HAS DEFENDANT HAD INITIAL APPEARANCE IN THIS CASE? _/ yes  X / no

IF YES:

    _/ DEFENDANT HAS BEEN RELEASED ON THE FOLLOWING CONDITIONS: _____

  ***  _/ A DETENTION HEARING HAS BEEN SCHEDULED FOR: _____.

    _/ A DETENTION ORDER HAS BEEN ENTERED.

     ***  _/ TEMPORARY DETENTION

     ***  _/ PERMANENT DETENTION

       _/    IF THE DEFENDANT HAS HAD INITIAL APPEARANCE IN ANOTHER DISTRICT. THE ABOVE RELEASE ON CONDITIONS OR DETENTION ORDER WAS ENTERED IN THE _____ DISTRICT OF _____ AND THE DEFENDANT'S FIRST APPEARANCE IN THIS DISTRICT IS EXPECTED TO BE/HAS BEEN SET FOR _____. (Date)

_/ DEFENDANT IS IN CUSTODY ON OTHER CHARGES:

    _/ SERVING A FEDERAL SENTENCE AT _____

    _/ PENDING FEDERAL CHARGES IN THE _____ DISTRICT OF _____

    _/ PENDING STATE CHARGES AT _____

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

## III. ARRAIGNMENT

X / WARRANT TO ISSUE.   (IF SO, PLEASE COMPLETE REVERSE)

_/ SUMMONS TO BE ISSUED FOR APPEARANCE ON _____ CALENDAR. (DEFENDANT'S ADDRESS REQUIRED.)
                  (Date)

    DEFENDANT'S ADDRESS: _____

_/ LETTER TO DEFENSE COUNSEL FOR APPEARANCE ON _____ CALENDAR.
                  (Date)

    DEFENSE ATTORNEY'S NAME: _____

    DEFENSE ATTORNEY'S ADDRESS: _____

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

## IV. CONDITIONS OF RELEASE

X / NOT PREVIOUSLY SET. SHOULD BE:  DETENTION _____
                    [e.g., P.R.; BAIL (listing conditions); DETENTION]

_/ PREVIOUSLY SET, SHOULD BE:

    _/ CONTINUE CONDITIONS OF RELEASE

    _/ CONTINUE DETENTION

    _/ MODIFIED AS FOLLOWS (state reasons for modifying): _____

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

HAS THE FPD represented any subject or witness in this case?   _/ Yes  _/ No

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

THE ESTIMATED TRIAL TIME IS _____ TRIAL DAYS.   _____
                                         (Date Form filled out)

(Revised June 2000)

**DEFENDANT STATUS SHEET** (One for each defendant)

### I. CASE STATUS

NAME OF DEFENDANT   TIEN DUC VU _____        USAO#   2006R00190 _____

_/ MAGISTRATE'S NO. _____        _/ DOCKET NO. (If Superseding Indictment) CR _____

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

### II. CUSTODIAL STATUS

HAS DEFENDANT HAD INITIAL APPEARANCE IN THIS CASE?   _/ yes   X / no
IF YES:

      _/ DEFENDANT HAS BEEN RELEASED ON THE FOLLOWING CONDITIONS: _____

  ***   _/ A DETENTION HEARING HAS BEEN SCHEDULED FOR: _____

      _/ A DETENTION ORDER HAS BEEN ENTERED.

      ***   _/ TEMPORARY DETENTION

      ***   _/ PERMANENT DETENTION

        _/    IF THE DEFENDANT HAS HAD INITIAL APPEARANCE IN ANOTHER DISTRICT, THE ABOVE RELEASE ON
           CONDITIONS OR DETENTION ORDER WAS ENTERED IN THE _____ DISTRICT OF _____ AND THE
           DEFENDANT'S FIRST APPEARANCE IN THIS DISTRICT IS EXPECTED TO BE/HAS BEEN SET FOR _____.
           (Date)

_/ DEFENDANT IS IN CUSTODY ON OTHER CHARGES:

      _/ SERVING A FEDERAL SENTENCE AT _____

      _/ PENDING FEDERAL CHARGES IN THE _____ DISTRICT OF _____

      _/ PENDING STATE CHARGES AT _____

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

### III. ARRAIGNMENT

X / WARRANT TO ISSUE.   (IF SO, PLEASE COMPLETE REVERSE)

_/ SUMMONS TO BE ISSUED FOR APPEARANCE ON _____ CALENDAR. (DEFENDANT'S ADDRESS REQUIRED.)
                       (Date)

      DEFENDANT'S ADDRESS: _____

_/ LETTER TO DEFENSE COUNSEL FOR APPEARANCE ON _____ CALENDAR.
                             (Date)

      DEFENSE ATTORNEY'S NAME: _____

      DEFENSE ATTORNEY'S ADDRESS: _____

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

### IV. CONDITIONS OF RELEASE

  X / NOT PREVIOUSLY SET, SHOULD BE:   DETENTION _____
                              [e.g., P.R.; BAIL (listing conditions); DETENTION]

  _/ PREVIOUSLY SET, SHOULD BE:

      _/ CONTINUE CONDITIONS OF RELEASE

      _/ CONTINUE DETENTION

      _/ MODIFIED AS FOLLOWS (state reasons for modifying): _____

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

HAS THE PPD represented any subject or witness in this case?   _/ Yes   _/ No

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

THE ESTIMATED TRIAL TIME IS _____ TRIAL DAYS.   _____
                                          (Date Form filled out)

                                            (Revised June 2000)

_____FILED _____ENTERED
_____LODGED _____RECEIVED

**MAR 2 1 2007**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR07   0109 TCC |
| Plaintiff, | CASE NO. |
| v. | ORDER ISSUING BENCH WARRANT |
| GEORGE LEE, | |
| Defendant. | |

An Indictment having been returned against the above-named defendant, now therefore

IT IS ORDERED that a Bench Warrant shall be issued and conditions of release, if any, shall be fixed at or subsequent to the initial appearance in this case.

The United States Attorney's Office has indicated that it will request a Detention Hearing based on the defendant being a flight risk.

DATED this 21st day of March, 2007.

_James P. Donohue_
UNITED STATES MAGISTRATE JUDGE

**SECRET:** YES XX  NO __

07-CR-00109-ORD

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

# United States District Court

## WESTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA

v.

GEORGE LEE

**WARRANT FOR ARREST**

CASE NUMBER: **CR07-109.JCC**

To:  The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____**GEORGE LEE**___ and bring him or her forthwith to the

nearest magistrate judge to answer a(n) INDICTMENT charging him or her with:

       **Count 1:**   **Conspiracy**
                 18:371
      **Counts 2-5:**  **Theft of Funds from Gaming Establishment on Indian Lands**
                 18:1167(b) & 2

___James Kelly___
Name of Issuing Officer

___Deputy Clerk___
Title of Issuing Officer

___March 22, 2007 at Seattle, Washington___
Date and Location

Signature of Issuing Officer

[]
Bail fixed at _____     by _____

CERTIFIED TRUE COPY
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington

By _____
Deputy Clerk

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at _____

_____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | |
| --- | --- | --- |
| DATE OF ARREST | | |

07-CR-00109-WRNT

Honorable Judge Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR07-109JCC |
| Plaintiff, | ) | |
| | ) | NOTICE OF |
| vs. | ) | UNAVAILABILITY |
| | ) | |
| LEVI SETH MAYFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

**Please take notice** that counsel for defendant Levi Seth Mayfield, Peter Mazzone,

will be unavailable from July 2nd, 2007 through July 6th, 2007.  He will be out of the state

during this period of time.

Respectfully submitted, June 18, 2007.


s/_____
Peter Mazzone  WSBA 25262
Attorney for Defendant


Notice of Unavailability                    1

## CERTIFICATE OF SERVICE

I hereby certify that on June 18th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent electronically to the Assistant U.S. Attorneys, counsel of record for the Government, and counsel for the co-defendants. I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: N/A.

J/Peter Mazzone_____
Peter Mazzone, WSBA #25262
Attorney for Defendant
PHILLIPS & MAZZONE, LAWYERS
2910 Colby Avenue, Ste. 200
Everett, WA 98201
(425) 259-4989 - Voice
(425) 259-5994 - Fax
Peterm@pmjustice.com

Notice of Unavailability                    2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATT

07-CR-00109-CNST

UNITED STATES OF AMERICA,        )
                                 )
                 Plaintiff,      )      CRIMINAL NO. 07-CR-00109
                                 )
        v.                       )
                                 )
GEORGE LEE,                      )
                                 )
                 Defendant.      )
                                 )

_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

NOV 2 0 2007   LK

Consent to Transfer of Case
for Plea and Sentence
(Under Rule 20)

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

        I, GEORGE LEE, Defendant, have been informed that an indictment is pending against
me in the above designated cause. I wish to plead guilty to the offense charged, to consent to the
disposition of the case in the Southern District of California, in which I am present, and to waive
trial in the above captioned District.

Date: _____ at _____

_____
GEORGE LEE
Defendant

_____
DOUGLAS BROWN
Counsel for Defendant

_____
Witness

Approved

_____
KAREN P. HEWITT
United States Attorney
Southern District of California

Date: 11/1/07

_____
JEFFREY C. SULLIVAN
United States Attorney
Western District of Washington

Date: 11-19-07

**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
OFFICE OF THE CLERK

BRUCE RIFKIN
CLERK

700 STEWART ST., LOBBY LEVEL
SEATTLE, WASHINGTON 98101

November 26, 2007

Clerk, U. S. District Court
Southern District of California
4290 Edward J. Schwartz
United States Courthouse
940 Front Street
San Diego, CA 92101

RE:    U.S. v. George Lee
       YOUR CASE NUMBER:
       OUR CASE NUMBER: CR07-00109JCC

Dear Clerk:

Pursuant to the Consent to Transfer of Case for Plea and Sentence filed in this case on
11/20/2007 as to Defendant George Lee, please download the documents maintained
electronically by the US District Court through PACER for the Western District of Washington
at https://ecf.wawd.uscourts.gov/.

Enclosed is a certified copy of Consent to Transfer Case /(No Financial History)

Please acknowledge receipt of the above documents by returning the enclosed copy of this letter
in the envelope provided.

Sincerely,

BRUCE RIFKIN, CLERK

By: *Tonya Scott*

Tonya Scott, Deputy Clerk

Enclosures

cc:    AUSA, USPTS/USPO

07-CR-00109-LTR